# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLATI LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAAS AUTOMATION, INC.,<br><br>　　　　　Defendant. | Civil Action No.: 2:20-cv-1650-PSG-JPR<br><br>NOTE: CHANGES MADE BY THE COURT<br><br>**STIPULATED PROTECTIVE ORDER** |
| HAAS AUTOMATION, INC.,<br><br>　　　　　Counterclaim Plaintiff,<br><br>　　v.<br><br>OLATI LLC,<br><br>　　　　　Counterclaim Defendant. | |

　　　　At the request of Plaintiff and Counterclaim Defendant Olati LLC ("Olati") and Defendant and Counterclaim Plaintiff Haas Automation, Inc. ("Haas") (collectively, the "Parties"), as made in the Parties' Joint Rule 26(f) Report, this Protective Order is entered to facilitate efficient discovery.  It is not necessary for the Parties or their attorneys to sign copies of this Protective Order for it to take effect or for the Parties to be bound by its terms during the course of the proceeding.  The Court expects the Parties to meet and confer in good faith regarding any additional confidentiality provisions that may be appropriate beyond the standard terms provided here.

## <u>DEFINITIONS</u>

　　　　1.　　Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.     Confidential:   Confidential information consists of information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise:

      a.    which is designated as such by the Producing Party; and

      b.    which contains confidential business, proprietary, technical or financial information, including but not limited to commercially or competitively sensitive information, including confidential research and development information and trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such information.

3.     Attorneys' Eyes Only:   Highly confidential information may be additionally designated "Attorneys' Eyes Only" by Counsel for the Producing Party for the purpose of identifying particularly sensitive Confidential information, such that its disclosure would be likely to cause economic harm or significant competitive disadvantage to the designating party (including, but not limited to, trade secrets, financial information, sensitive product development information, business plans, and forecasts).

4.     Source Code: Restricted Confidential information may be additionally designated "Source Code" by Counsel for the Producing Party for the purpose of identifying material or information that includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), including, without limitation, computer code (in any software language), scripts, assembly code, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, netlists, mask data design and fabrication computer files stored in a "GDS" or related file format, and process-flow documents related to the fabrication of circuit boards, and other

1 | documents which provide the same definition or detailed description of the algorithms or
2 | structure of software or hardware designs.

3 |      5.    Counsel (without qualifier): Outside Counsel of Record and House Counsel
4 | (as well as their support staff).

5 |      6.    Designating Party: a Party or Non-Party that designates information or items
6 | that it produces in disclosures or in responses to discovery as "CONFIDENTIAL,"
7 | "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED
8 | CONFIDENTIAL SOURCE CODE."

9 |      7.    Expert: a person with specialized knowledge or experience in a matter
10 | pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an
11 | expert witness or as a consultant in this action, (2) is not a past or current employee of a
12 | Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become
13 | an employee of a Party or of a Party's competitor.

14 |      8.    House Counsel: attorneys who are employees of a party named in this action.
15 | House Counsel does not include Counsel of any affiliate, parent, subsidiary, or interested
16 | party other than of the party named in this action.  House Counsel does not include Outside
17 | Counsel of Record or any other Outside Counsel.

18 |      9.    Outside Counsel of Record (or Outside Counsel): attorneys who are not
19 | employees of a party named in this action, but are retained to represent or advise a party
20 | named in this action and have appeared in this action on behalf of that party or are affiliated
21 | with a law firm which has appeared on behalf of that party.  Outside Counsel of Record
22 | does not include attorneys who are employees of any company that is an affiliate, parent,
23 | subsidiary, or interested party to a party named in this action.

24 |      10.    Non-Party: any natural person, partnership, corporation, association, or other
25 | legal entity not named as a Party to this action.

26 |      11.    Party: any party to this action, including all of its officers, directors,
27 | employees, consultants, retained experts, and Outside Counsel of Record (and their support
28 | staffs).

12.    Producing Party: a Party or Non-Party that produces disclosure or discovery material in this action.

13.    Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14.    Protected Document(s): Documents, materials, information, communications, things or discovery responses designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "RESTRICTED CONFIDENTIAL SOURCE CODE."

15.    "Copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

## DESIGNATING PROTECTED DOCUMENTS

16.    The designation of Protected Documents will be made by placing or affixing on the documents or materials the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" in a manner that will not interfere with legibility.

17.    At any time after the delivery of Protected Documents, Counsel for the party or parties receiving the Protected Documents may challenge the confidentiality designation of all or any portion thereof by providing written notice thereof to Counsel for the Party disclosing or producing the Protected Documents in full compliance with Local Rule 37. If the Parties are unable to agree as to whether the confidentiality designation of discovery material is appropriate, the party or parties receiving the Protected Documents may file a motion under Rule 37 to remove the contested confidentiality designation, or reduce the designation from  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," on any Protected Document.  The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected

Documents are entitled to confidential treatment.  All disputed Protected Documents are entitled to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" treatment pursuant to the terms of this Protective Order until and unless the Court determines otherwise.

18.    A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

19.    In the event a Producing Party elects to produce Protected Documents for inspection, the Producing Party has no obligation to mark documents with confidentiality designations in advance of the initial inspection.  For purposes of this initial inspection, all documents produced will be considered as having been marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and will be treated as such by the inspecting party.  Thereafter, on selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

## ACCESS TO AND USE OF PROTECTED MATERIAL

20.    Protected Documents and any information contained therein shall be used solely for this litigation and not for any other purpose, including but not limited, to prosecution (as delineated below) or acquisition of patents.  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

21.    *"Confidential"* information shall be disclosed only to the following persons:

    a.    Outside Counsel of Record in this action for the Party receiving the Confidential information;

    b.    House Counsel for a Party to this action who either has responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action;

c.    Up to and including three (3) designated representatives of each Party to the extent reasonably necessary for the litigation of this action, except that either party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the Requesting Party may seek leave of Court to designate such additional representative(s) if the Requesting Party believes the other Party has unreasonably withheld such consent;

d.    Employees of Outside Counsel assigned to and necessary to assist in the preparation and trial of this action;

e.    Outside independent experts and consultants retained to assist Outside Counsel in the preparation and trial of this action;

f.    Vendors (including graphics and jury consultants) retained by Outside Counsel as litigation support;

g.    Court reporters retained to transcribe testimony; and

h.    The Court and Court personnel.

22.    *"Highly Confidential – Attorneys' Eyes Only"* information shall be disclosed only to the following persons, as is necessary for those persons:

a.    Outside Counsel of Record in this action for the Party to this action receiving the Attorneys' Eyes Only information;

b.    Outside independent experts and consultants retained to assist Outside Counsel in the preparation and trial of this action;

c.    Vendors (including graphics and jury consultants) retained by Outside Counsel as litigation support;

d.    Court reporters retained to transcribe testimony; and

e.    The Court and Court personnel.

23.    *"Restricted Confidential Source Code"* information shall be available to be accessed only by the following persons, as is necessary for those persons:

a.    Outside Counsel of Record in this action;

b.    Outside independent consultants and experts[1] of the receiving Party (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Documents pursuant to paragraph 26.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or attorney work product ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

c.    The Court and its personnel.

24.    Notwithstanding the terms of paragraphs 21-23 of this Protective Order, Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code information of a Producing Party may be shown to employees, officers, consultants, attorneys, and other agents of the Producing Party.  Nothing shall prevent the disclosure of any Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code information by the Party producing such information to (a) any employee or officer of the Producing Party or (b) any person no longer affiliated with the Producing Party, who either authored, in whole or in part, or received the Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code information prior to the initiation of this litigation.

---

[1] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

25.     Notwithstanding the terms of paragraphs 21-23 of this Protective Order, a Party may seek to disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to the Party's House Counsel (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) as to whom the procedures set forth in paragraphs 25a-25d have been followed:

a.     The individual to whom disclosure is made must be given a copy of this Protective Order, and the provisions of this Protective Order must be explained to the individual to whom disclosure is to be made by Outside Counsel of Record;

b.     The individual to whom disclosure is to be made must execute a written statement under oath, in the form attached hereto as Exhibit A, that she or he has received a copy of this Protective Order, is familiar with the terms therein, and will abide by them;

c.     The Party makes a written request to the Designating Party that (1) sets forth the full name of the House Counsel and the city and state of her or his residence, and (2) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the House Counsel is involved, or may become involved, in any competitive decision-making; and

d.     The Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the Protected Document(s) that are the subject of the request to the identified House Counsel only if the Designating Party agrees, in writing, to the requesting Party's request.  The Designating Party will, within fourteen (14) days of receiving the request, provide the Party with written approval or objection. Any such objection must set forth in detail the grounds on which it is based. A Party that receives a timely written objection must meet and confer with the Designating Party to try to

resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to House Counsel may file a motion under Local Rule 37 seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  Any agreement or objection from the Designating Party on any single request will not be taken as, or interpreted to be, an agreement or objection to any other request.

26.    Before any disclosure of Protected Documents is made to any independent expert or consultant, the following must occur:

a.    The individual to whom disclosure is made must be given a copy of this Protective Order, and the provisions of this Protective Order must be explained to the individual to whom disclosure is to be made by an attorney; and

b.    The individual to whom disclosure is to be made must execute a written statement under oath, in the form attached hereto as Exhibit A, that she or he has received a copy of this Protective Order, is familiar with the terms therein, and will abide by them.

c.    Each outside independent expert or consultant shall be identified to the other Party prior to making any disclosure of Protected Documents at least seven (7) business days prior to disclosure, including a copy of the individual's current curriculum vitae, current address and a description of all relationships between the expert and either Party during the previous four (4) years.  If a Producing Party objects to disclosure of Protected Documents to the proposed expert, the Producing Party must

notify the other parties in writing before the expiration of the seven (7) business day period. All objections must be reasonable and made in good faith. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve the objection, the objecting Party may file a motion for a protective order in full compliance with Local Rule 37 seeking to prevent the proposed disclosure with the Court. If no written objection is made within the seven (7) business day period, the proposed disclosure may proceed. But if a motion is filed, no disclosure shall occur until the objection is resolved by agreement or Court order.

27. Any document or thing containing or embodying Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code information that is to be filed in this action shall be filed under seal in accordance with the procedures of this Court.

28. Deposition transcripts or portions thereof that contain protected information may be designated as Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code. Confidentiality designations shall be made either on the record or by written notice to the other Party within fifteen (15) business days of receipt of a copy of the transcript by the Party whose Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code materials is involved. Unless otherwise agreed, deposition transcripts will be treated as Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code during the fifteen (15) business day period following receipt of a copy of the transcript. Either Party shall have the right to exclude from attendance at the deposition, during such time as the protected information is to be disclosed, every individual excluding the deponent, the Court Reporter, and those individuals authorized under this Protective Order to receive the Protected Information.

29. Documents, things, or deposition testimony requested or obtained through subpoenas served by the parties in connection with this litigation may be designated by the

subpoenaed party as Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code information within the meaning of this Protective Order and, if so, the information so designated shall be governed by the terms of this Protective Order.

30.    Any attorney representing a Party in this litigation and permitted to receive the other Party's Protected Documents that are designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, accesses, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of these Actions and for two years after its conclusion, including any appeals.  To avoid any doubt, "prosecution" as used in this paragraph does not include participating or assisting in challenging or defending any patents pertaining to the field of the invention of the patents-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, post-grant review, or covered business method review), provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language.

31.    Any attorney representing a Party in this litigation and permitted to receive the other Party's HIGHLY SENSITIVE MATERIAL, who obtains, receives, or otherwise learns HIGHLY SENSITIVE MATERIAL under this Order shall not participate in the acquisition of patents (including patent applications) for that Party, or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of methods, apparatuses, or systems relating to the field of the invention of the patents-in-suit during the pendency of these Actions and for two years after its conclusion, including any appeals.  To ensure compliance with the purpose of this

provision, the Parties shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who participate in the evaluation for possible acquisition, or the acquisition of any patent or patent application pertaining to the field of the invention of the patents-in-suit.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED DOCUMENTS

32.   Inadvertent or unintentional production of documents or information containing Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code information which are not designated as such shall not be deemed a waiver of a claim for Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code treatment.  Material produced without designation of Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code may be so designated after production or testimony if the Producing Party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of the failure of the Producing Party to timely make such designation.  If discovery material is designated Confidential or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential Source Code after production or testimony, the receiving party shall promptly collect any copies that have been provided to individuals other than those authorized to receive protected information so designated under this Protective Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive protected information so designated under this Protective Order.

33.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

1 proceeding.  This Protective Order shall be interpreted to provide the maximum protection

2 allowed by Federal Rule of Evidence 502(d).  A party does not need to show the elements

3 of Federal Rule of Evidence 502(b) when a privileged document is inadvertently produced

4 under this Protective Order.  The Parties further acknowledge and agree to follow the

5 procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) regarding the treatment

6 of materials over which a party claims a privilege or protection.

7 **FINAL DISPOSITION**

8 34.   After termination of this litigation, the provisions of this Protective Order

9 shall continue to be binding, except with respect to those documents and information that

10 become a matter of public record.  This Court retains and shall have continuing jurisdiction

11 over the parties and recipients of the Protected Documents for enforcement of the

12 provisions of this Protective Order following termination of this litigation.

13 35.   Within sixty (60) days of the termination of this action, including any appeals,

14 by dismissal, judgment, or settlement, Counsel for the party or parties receiving Protected

15 Documents shall return the Protected Documents to the Counsel for the party or parties

16 disclosing or producing the Protected Documents or destroy the Protected Documents.

17 Each party shall provide a certification of such return or destruction within this sixty (60)

18 day period.  However, Outside Counsel of Record shall be entitled to retain a set of

19 documents filed with the Court, all correspondence and depositions, including exhibits,

20 generated in connection with this action.  Moreover, this destruction obligation excludes

21 Outside Counsel of Record's email archives or backup drives.  The Outside Counsel of

22 Record receiving the Protected Documents may keep their attorney work product which

23 refers or relates to any Protected Documents.

24 DATED:  September 11, 2020   _____

25 UNITED STATES MAGISTRATE JUDGE

26

27

28

**STIPULATED AND AGREED TO:**

DATED: September 11, 2020

By: */s/ Matthew C. Holohan*

    SEAN O'BRIEN
    California Bar No.133154
    *sao@paynefears.com*
    PAYNE & FEARS LLP
    Jamboree Center
    4 Park Plaza, Suite 1100
    Irvine, CA  92614
    Telephone: (949) 797-1270
    Facsimile: (949) 851-1212

    ROBERT R. BRUNELLI
    (admitted *pro hac vice*)
    *rbrunelli@sheridanross.com*
    MATTHEW C. HOLOHAN
    California Bar No. 239040
    *mholohan@sheridanross.com*
    PAUL S. CHA
    (admitted *pro hac vice*)
    *pscha@sheridanross.com*
    SHERIDAN ROSS P.C.
    1560 BROADWAY, Suite 1200
    Denver, Colorado 80202-5141
    Telephone: (303) 863-9700
    Facsimile: (303) 863-0223
    E-mail:
    litigation@sheridanross.com

    ALEX W. RUGE
    (admitted *pro hac vice*)
    Colorado Bar No. 47830
    alex@apb-law.com
    AARON BRADFORD
    *(*admitted *pro hac vice*)
    Colorado Bar No. 31115
    *Aaron@apb-law.com*
    BRADFORD, LTD.
    2701 Lawrence Street
    Denver, Colorado 80205
    Telephone: (720) 543-9145

ATTORNEYS FOR PLAINTIFF
AND COUNTERCLAIM
DEFENDANT OLATI LLC

Respectfully submitted,

By: */s/ Jason E. Gettleman*

    MORGAN, LEWIS & BOCKIUS LLP
    Michael J. Lyons, Bar No. 202284
    *michael.lyons@morganlewis.com*
    Jason E. Gettleman, Bar No. 269733
    *jason.gettleman@morganlewis.com*
    Austin L. Zuck, Bar. No. 318434
    *austin.zuck@morganlewis.com*
    1400 Page Mill Road
    Palo Alto, CA 94304
    Tel: +1.650.843.4000
    Fax: +1.650.843.4001

    Mark J. Itri, Bar No. 152581
    *mark.itri@morganlewis.com*
    Andrew D. Mickelsen, Bar No. 211533
    *andrew.mickelsen@morganlewis.com*
    600 Anton Blvd., Suite 1800
    Costa Mesa, CA 92626
    Tel: +1.714.830.0605
    Fax: +1.714.830.0662

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF HAAS
AUTOMATION, INC.

-14-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLATI LLC, | Civil Action No.: 2:20-cv-1650-PSG-JPR |
| Plaintiff, | **EXHIBIT A – ACKNOWLEDGMENT** |
| v. | |
| HAAS AUTOMATION, INC., | |
| Defendant. | |
| HAAS AUTOMATION, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| OLATI LLC, | |
| Counterclaim Defendant. | |

I, _____, have reviewed the Protective Order entered in the above case and am a person as defined in paragraph 21, 22, or 23. I agree to abide by the terms contained in the Protective Order. I hereby submit to the jurisdiction of the above captioned court for enforcement of that Protective Order. I understand that all Protected Documents shall not be disclosed or used except as allowed by this Protective Order, and that all such information must be returned to the Producing Party following the resolution of this case.

Date: _____   Signed: _____