UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS Defendant/Counter-Claimant's motion to stay**

    Before the Court is a motion to stay further proceedings pending *inter partes* review filed by Defendant/Counter-Claimant Haas Automation, Inc. ("Haas"). *See generally* Dkt. # 43 ("*Mot.*"). Plaintiff/Counter-Defendant Olati LLC ("Olati") opposed. *See generally* Dkt. # 44 ("*Opp.*"). Haas replied. *See generally* Dkt. # 45 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Haas's motion to stay.

I.    Background

    This is a patent infringement case. On February 2, 2020, Olati filed suit in this Court, alleging that Haas infringed one of its patents: U.S. Patent No. 8,136,432 ("the '432 Patent"). *See generally Complaint*, Dkt. # 1 ("*Compl.*").[1]

---

[1] According to the Complaint,

> the '432 Patent describes and claims a machining system that includes at least one sensor associated with a tool that receives signals from the tool, and a signal converter that converts the signals into digital parameters and transmits the parameters to a signal analyzer. The signal analyzer determines and uses machining conditions in real-time such as the force on the tool, the deflection of the tool, and the vibration of the tool. Based on this determination, a controller adjusts the power of the machine's speed and feed in real time. The invention of the '432 Patent thus enables real-time monitoring of machining conditions and corresponding real-time adjustments to compensate for variations in the machining process.

*Compl.* ¶ 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

Under the current scheduling order, a Claim Construction Hearing will be held on February 22, 2021, the fact discovery cut-off is April 8, 2021, the expert discovery cut-off is July 28, 2021, dispositive motions are due no later than September 20, 2021, and trial is set for February 8, 2022.  *See* Dkt. # 31.

On November 6, 2020, Haas filed a petition for *inter partes* review ("IPR") with the United States Patent & Trademark Office ("PTO"), "challenging all claims of the sole asserted patent in this case." *Mot.* 7:22–23.  Haas's petition argues that claims one through eight of the '432 Patent are unpatentable "based on prior art including a University of Sheffield Ph.D. Thesis, authored by S.E. Oraby, and U.S. Patent No. 5,170,358 to Delio."  *See* Dkt. # 43-2 ("*IPR Petition*"), at 1.  Haas contends that "the prior art confirms that the claimed inventions were well-known in the art years before the '432 application was filed.  The '432 [P]atent claims well-known aspects of a close-loop feedback control machining system, such as those used to control mills and lathes, with no inventive features."  *Id.*

On November 18, after meeting and conferring with Olati, Haas filed this motion to stay further proceedings pending the outcome of its petition.  *See generally Mot.*  The Court finds that, on balance, a stay is appropriate, and therefore **GRANTS** Haas's motion.

II.     Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted).  "There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome' of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery," but "[c]ourts are not required to stay judicial proceedings pending re-examination of a patent." *Pi-Net Int'l, Inc. v. Hertz Corp.*, No. CV 12-10012 PSG (JEMx), 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) (quoting *Aten Int'l Co. Ltd. v. Emine Tech. Co.*, No. SACV 09-0843, AG (MGLx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).

Courts generally consider three factors in deciding whether to grant a stay during IPR proceedings:

1. whether discovery is complete and whether a trial date has been set;
2. whether a stay will simplify the issues in question and trial of the case; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

    3.    whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013)). Courts should also consider the "totality of the circumstances" in evaluating whether a stay is proper. *Id.* ("While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately 'the totality of the circumstances governs.'" (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031)); *see also E. Digital Corp. v. Dropcam, Inc.*, No. 14-CV-04922-JST, 2016 WL 658033, at *2 (N.D. Cal. Feb. 18, 2016) ("While case law supplies these general considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis.").

III.    <u>Discussion</u>

    The Court considers the three factors—(A) the stage of proceedings, (B) simplification of the issues, and (C) undue prejudice—in turn.

    A.    <u>The Stage of Proceedings</u>

    The first factor the Court considers is the progress already made in the case, such as the completion of discovery, the setting of a trial date, and whether claim construction has occurred. *See Wonderland Nursery*, 2015 WL 1809309 at *2. "[D]istrict courts have adopted the date of the filing of the motion to stay" as the "proper time to measure the stage of litigation." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (collecting cases).

    The parties dispute whether this action is in its early stages. The Court finds that it is.

    Haas argues that "[t]he bulk of the discovery—depositions of the inventors, engineers, and other fact witnesses in this case, along with drafting and exchange of expert reports—has yet to begin and the applicable deadlines remain months away. Likewise, briefing on claim construction has not started, and the deadline for dispositive motions is still farther, leaving trial over a year off." *Mot.* 13:27–14:3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

Olati counters that the Court "has already issued a scheduling order and set a trial date, and the parties have exchanged initial disclosures and engaged in discovery. To the extent Haas characterizes existing discovery as minimal, it is only because Haas has engaged in dilatory tactics and refused to produce the discovery to which Olati is entitled." *Opp.* 5:12–16. Olati also notes that "the parties have filed their infringement and invalidity contentions and have begun substantive claim construction activities." *Id.* 5:19–20.

The Court agrees with Haas that this case is in its early stages. First, Olati does not meaningfully contest that there remains "more work ahead of the parties and the Court than behind [them]," which supports Haas's position. *See Limestone v. Micron Tech.*, No. SACV 15-00278-DOC (RNBx), 2016 WL 3598109, at *3 (C.D. Cal. Jan. 12, 2016). Second, the fact that the Court has not considered the parties' claim construction arguments also supports Haas's position. *See Telesign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG (SSx), 2016 WL 6821111, at *2 (C.D. Cal. Mar. 9, 2016) (parties had not yet filed claim construction briefs, which favored granting a stay). Third, the parties have not begun depositions, *see Mot.* 7:11, which also supports Haas's position, *see Locata LBS, LLC v. Yellowpages.com, LLC*, No. CV 13-7664 JAK, 2014 WL 8103949, at *2–*3 (C.D. Cal. July 11, 2014) (holding that the parties were in the early stages when they had engaged in some preliminary discovery, including initial disclosures and serving document requests and interrogatories, but depositions had yet to take place). Finally, Olati has not advised the Court of any discovery delays until now, and whether Olati's accusations are true or not, this motion is not the proper vehicle to litigate such accusations. The Court also notes that these accusations implicitly concede that discovery is in its early stages.

Further, none of the cases that Olati cites alter the Court's conclusion.

First, in *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028 (C.D. Cal. 2013), the Court had already held a *Markman* hearing and had issued its claim construction ruling. *Id.* at 1031. In contrast, here, the parties have not yet filed their claim construction briefs, which favors a stay. *See Telesign Corp.*, 2016 WL 6821111 at *2. The same applies for *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12–05501 SI, 2014 WL 121640, at *1 (N.D. Cal. Jan. 13, 2014), where the Court had already "construed the disputed terms of the patents-in-suit." *Id.* at *2.

Second, in *Speakware, Inc. v. Microsoft Corp.*, No. SA CV 18-1293-DOC (DFMx), 2019 WL 1878350, at *1 (C.D. Cal. Feb. 21, 2019), the Court had already decided a motion to consolidate and had taken a motion to dismiss under submission. *Id.* at *2. The Court has done neither here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

Accordingly, this case is in its early stages, and therefore this factor favors a stay. *See Limestone*, 2016 WL 3598109 at *3.

    B.    <u>Simplification of Issues</u>

The Court next considers whether a stay will simplify the issues in the case. *See Wonderland Nursery*, 2015 WL 1809309 at *2.

Haas argues that its "pending petition is likely to dramatically simplify or obviate this case entirely" because "[e]ach asserted claim is the subject of at least two grounds for invalidity, each based on a different primary prior-art reference." *Mot.* 11:12–16. These prior-art references "make clear that the 'real-time control of the machining operation by measuring properties of the tool in real time and adjusting the machining parameters in real-time,' alleged by [Olati] to be the point-of-novelty, was in-fact well known at the time of the alleged invention." *Id.* 11:21–25.

Olati counters that "any argument that the stay will 'likely' simplify the issues is pure speculation at this time because there is no telling whether the [PTO] will even institute the IPR proceedings." *Opp.* 7:6–8. Olati also argues that, "even if the [PTO] grants review, there is no guarantee that the [PTO] proceeding will advance this Court's understanding of the patent claims at issue" because the PTO's ruling would not be binding on this Court until the parties exhausted the appeals process in the Federal Circuit. *Id.* 8:3–16.

Although courts in this District have acknowledged that it is speculative to argue simplification before the Patent Office makes an institution decision, *see JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, No. 2:20-CV-02299-CAS (SKx), 2020 WL 6203555, at *7–*8 (C.D. Cal. Oct. 19, 2020), many courts have ultimately decided that saving scarce judicial resources "sways the analysis in favor of [a] stay," *see Purecircle USA Inc. v. SweeGen, Inc.*, No. SACV 18-1679 JVS (JDEx), 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019). And while Plaintiff is correct that the PTO's determinations will not become binding until the appeals process is exhausted, *see JBF Interlude*, 2020 WL 6203555 at *8, this fact is not sufficient to prevail on this factor—and it is perhaps irrelevant—because it is true in every case, *but see id.*

On balance, the Court finds this factor weighs slightly in favor of a stay because Haas challenges all of the claims in a single patent, which means the scope of this suit is likely to be substantially narrowed if the PTO agrees with Haas. It is not a wise use of scarce judicial resources to proceed to claim construction while Haas's petition remains pending, and, if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

petition is denied, this case can move forward with the parties and the Court knowing that their time and resources will not be wasted. *See Purecircle*, 2019 WL 3220021 at *2.

    C.    <u>Undue Prejudice</u>

The final factor is whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party—here, Olati. *See Wonderland Nursery*, 2015 WL 1809309 at *2. "In weighing the prejudice to the non-moving party, courts consider four sub-factors: '(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties.'" *E. Digital Corp.*, 2016 WL 658033 at *4 (quoting *Cypress Semiconductor Corp. v. GSI Tech, Inc.*, No. CV 13-2013 JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014)). The Court considers the sub-factors in turn and then addresses Olati's miscellaneous arguments.

        *i.*    *Timing of the Petition for Review*

Olati filed its complaint on February 20, 2020. *See generally Compl.* Haas did not petition for IPR until November 6, 2020. *See Mot.* 7:22.

While the non-moving party must make "a specific showing of prejudice beyond the delay necessarily inherent in any stay," Olati has done so here because the delay caused by Haas's recently-filed IPR would have been substantially reduced if Haas had not filed its IPR petition more than eight months after Olati filed its complaint. *See Affinity Labs of Texas LLC v. Samsung Elecs. Co.*, No. 14-CV-2717 YGR, 2014 WL 3845684, at *4 (N.D. Cal. Aug. 1, 2014). Such a delay weighs against granting a stay because the court "expect[s] accused infringers to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *See Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-CV-00791-RS, 2017 WL 1316549, at *3 (N.D. Cal. Apr. 10, 2017) (cleaned up).

        *ii.*    *Timing of the Request for Stay*

Here, "Haas requested a meet and confer on its request to stay the case one business day after filing its IPR and filed the instant motion one week after the meet [and] confer, the earliest date allowed under the local rules." *Mot.* 16: 8–11. Therefore, the timing of the request for the stay weighs in favor of granting it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

### iii. Status of Review Proceedings

As discussed above, the PTO has not yet decided to institute IPR on the '432 Patent. *Mot.* 12:17–25; *Opp.* 7:3–4. The PTO's institution decision is expected by May 24, 2021, *Opp.* 7:4–5, and its IPR would conclude within twelve months of its institution, *see* 35 U.S.C. § 316(a)(11). Because trial is currently set for February 8, 2022, the final IPR determination could occur roughly three months after the originally scheduled trial date. *See* Dkt. # 31. And because Haas's decision to wait eight months to file its petition for IPR is to blame for this delay, this factor weighs against granting a stay.

### iv. The Relationship of the Parties

Haas claims that "Olati does not manufacture or sell any products, and does not otherwise practice any of the claims in the '432 [P]atent. Olati does not compete in the marketplace with Haas." *Mot.* 16:25–27. Olati conceded these arguments by failing to address them in its opposition. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same). Accordingly, this factor weighs in favor of granting a stay.

### v. Miscellaneous Prejudice Arguments

Olati argues that it will suffer prejudice if a stay is granted because "a stay pending the IPR proceeding would delay this litigation well past the February 8, 2022 trial date," and because its witnesses may become unavailable and evidence may be lost. *Opp.* 9:9–28. The Court disagrees on both grounds. First, a delay in litigation is the same prejudice that is inherent in any stay, which is insufficient to preclude the stay. *See Affinity Labs*, 2014 WL 3845684 at *4. Second, "[s]peculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *See Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13–CV–04206–EJD, 2014 WL 2738501, at *6 (N.D. Cal. June 11, 2014).

### vi. Balancing the Prejudice Sub-Factors

In sum, these sub-factors are mixed, but the Court finds that they weigh slightly in favor of granting a stay because Olati has not shown that Haas's delay will unduly prejudice Olati or give Haas a clear tactical advantage moving forward. While it would have been preferable for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1650 PSG (JPRx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Olati LLC v. Haas Automation, Inc. | | |

Haas to petition for IPR earlier, the only prejudice that Olati will suffer if a stay is granted is a delay in resolving its claims against Haas. This is the same prejudice that is inherent in any stay. *See Affinity Labs*, 2014 WL 3845684 at *4. Accordingly, the third and final factor weighs in favor of granting a stay.

    D.    <u>Balancing the Factors and the Totality of the Circumstances</u>

On balance, the factors considered above weigh in favor of granting a stay. While Haas could have petitioned for IPR sooner to avoid delaying this litigation, Haas's petition is potentially case-dispositive, and Olati has not identified any legitimate reason—i.e., any reason other than the delay inherent in any stay—why a stay would prejudice its case. Moreover, if the PTO declines to institute IPR, the Court and the parties can move forward with this litigation knowing that their resources will not be wasted.

Accordingly, because (1) the case is in its early stages, (2) IPR might significantly simplify the issues, and (3) the stay will not unduly prejudice Olati, the Court **GRANTS** Haas's motion to stay.

IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** Haas's motion to stay pending the PTO's decision on Haas's IPR petition. This order administratively closes the case. Either party may apply *ex parte* to reopen the case (a) in the event the PTO declines to institute the IPR, or (b) after the conclusion of all IPR proceedings.

    **IT IS SO ORDERED.**