JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Olati LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>Haas Automation, Inc.,<br><br>    Defendant.<br><br>Haas Automation, Inc.,<br><br>    Counterclaim Plaintiff,<br><br>    vs.<br><br>Olati LLC,<br><br>    Counterclaim Defendant. | Case No. 2:20-cv-01650-PSG-JPR<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION DKT [51]** |

## CONSENT JUDGMENT

The parties having considered the facts and applicable law and having agreed to the entry of this Stipulated Consent Judgment and Permanent Injunction ("Consent Judgment"), and the parties having stipulated that there is no just reason for delaying entry of final judgment in this action between Plaintiff and Counterclaim Defendant Olati LLC and Defendant and Counterclaim Plaintiff Haas Automation, Inc. ("Haas"), subject to approval by the Court.

## FINDINGS OF FACT

1. Olati LLC is a Maryland limited liability company, having its principal place of business at 301 South Fremont Avenue, Baltimore, Maryland 21230, with owners Slingshot Technologies LLC and Cotopaxi LLC (collectively, inclusive of Olati LLC and its owners, "Olati"). *See* Dkt. 1, 4.

2. Olati filed its Complaint for patent infringement against Defendant and Counterclaim Plaintiff Haas Automation, Inc. ("Haas") on February 20, 2020 asserting infringement of U.S. Patent No. 8,136,432 ("the '432 Patent").

3. The '432 Patent was originally assigned to Prototype Productions, Inc. ("PPI"), which is listed as the assignee of other U.S. Patents. The '432 Patent, along with the other patents in the '432 Patent's patent family (U.S. Patent Nos. 7,930,957 and 8,365,642 (the "Related Patents"), were assigned to Olati.

4. Haas is a California corporation with a principal place of business at 2800 Sturgis Road, Oxnard, California, 93030 and owned by Haas Holdings, Inc. ("Haas Holdings"). *See* Dkt. 20, 21.

5. Haas manufactures, sells, and offers for sale certain machining products, including computer numerical control ("CNC") mills, lathes, rotaries

and indexers, and tooling parts.

6. Olati filed its Complaint for patent infringement against Haas on February 20, 2020 asserting infringement of the '432 Patent. Dkt. # 1. On April 15, 2020, Haas filed its Answer and Counterclaims, seeking declaratory judgments of non-infringement and invalidity. Dkt. # 20. On December 23, 2020, this Court granted Haas' Motion to Stay Pending *inter partes* review of a petition challenging all claims of the Asserted Patent. Dkt. # 43, 46.

7. The Patent Trial and Appeal Board ("PTAB") of the United States Patent & Trademark Office entered its final written decision, finding all claims of the Asserted Patent unpatentable. *See* Haas Automation, Inc. v. Olati, LLC, IPR2021-00145, Paper 29 at 2 (PTAB May 13, 2022). Olati appealed the PTAB's final written decision and the Federal Circuit affirmed the PTAB's decision. *Olati LLC v. Haas Automation, Inc.*, No. 22-2027, 2023 WL 7545048, at *1 (Fed. Cir. Nov. 14, 2023). Olati did not challenge the Federal Circuit's determination.

8. On March 22, 2024, Haas filed a Motion to Lift the Stay and Enter Judgement in Haas' favor.

## FINDINGS OF LAW

9. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

10. This Court has jurisdiction over Defendants and the subject matter of this action under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, 2202, the patent laws of the United States, including 35 U.S.C. § 271 *et. seq.* The parties submit to the jurisdiction of the Court for the purpose of enforcement of this Consent Judgment. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

11. Olati acknowledges and agrees that the '432 Patent is invalid and

unenforceable.

12. Olati and PPI, and any of its successors, assignees, or licensees, hereby waive all rights to any claims for patent infringement—and agree and covenant not to sue, or cause any suit to be brought, or participate in any suit—against Haas, Haas Holdings, or any of its successors or related entities of any patent owned or controlled by or assigned to Olati or PPI.

13. Haas and Olati shall each bear their own costs, expenses, and attorney fees.

14. This Consent Judgment constitutes a final judgment concerning the subject matter of this action.

15. Haas and Olati waive any right to appeal from this Consent Judgment.

16. Upon entry of this Consent Judgment, this action is dismissed, with prejudice; provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment.

17. This Consent Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: April 9, 2024

The Hon. Philip S. Gutierrez
United States District Judge